NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-1467 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:19-cr-01838-RM-MSA-1 |
| CHRISTIAN NICHOLAS OROZCO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Márquez, District Judge, Presiding

Submitted July 9, 2025[**]
San Francisco, California

Before: H.A. THOMAS and DE ALBA, Circuit Judges, and RAKOFF, District
Judge.[***]

Defendant Christian Nicholas Orozco challenges the district court's

revocation of his probation on the ground that the court's consideration of certain

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

hearsay statements violated his Fifth Amendment right to due process. We have jurisdiction under 28 U.S.C. § 1291. "Whether a defendant has received due process at a revocation proceeding is a mixed question of law and fact we review de novo." *United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). As the parties are familiar with the facts, we do not recount them here. We affirm.

To determine whether reliance on hearsay evidence violates due process, a court must apply the balancing test set forth in *United States v. Comito*, and "weigh the releasee's interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it." 177 F.3d 1166, 1170 (9th Cir. 1999).[1] The weight accorded to the releasee's confrontation right "depends on two primary factors: the importance of the hearsay evidence to the court's ultimate finding and the nature of the facts to be proven by [that] evidence." *Id.* at 1171. In assessing good cause, courts consider "both the difficulty and expense of procuring witnesses and the traditional indicia of reliability borne by the evidence." *United States v. Hall*, 419 F.3d 980, 988 (9th Cir. 2005) (quoting *United States v. Martin*, 984 F.2d 308, 312 (9th Cir. 1993)). Weighing Orozco's interest in confrontation with the

---

[1] Although the Sixth Amendment right of confrontation does not directly apply to probation revocation proceedings, *see United States v. Hall*, 419 F.3d 980, 985–86 (9th Cir. 2005), the interests it protects still have a bearing on the Fifth Amendment due process balancing that does apply.

Government's good cause for denying it, we conclude that the district court did not violate Orozco's right to due process by considering L.C.'s hearsay statements.

Turning first to Orozco's interest in confrontation, both parties agree that L.C.'s statements played an important role in the district court's revocation decision such that Orozco had an interest in confrontation. However, they dispute the strength of that interest. As we explained in *Comito*, "the more subject to question the accuracy and reliability of the proffered evidence, the greater the releasee's interest in testing it by exercising his right to confrontation." 177 F.3d at 1171. L.C. made the statements to Officer Murphy-Thomas shortly after Orozco had attacked her, while she was still in a heightened emotional state. Her statements therefore qualify as excited utterances, which are inherently reliable and which would have been admissible even at a criminal trial. *See Winzer v. Hall*, 494 F.3d 1192, 1197 (9th Cir. 2007) (explaining that excited utterances are "firmly rooted exceptions to hearsay" and that the circumstances under which they are made "provide sufficient assurance that [they are] trustworthy" (quotation marks and citation omitted)); *see also* Fed. R. Evid. 803(2) (explaining that "[a] statement relating to a startling event" that is "made while the declarant was under the stress of excitement that it caused" is "not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness"). Moreover, "long-standing exceptions to the hearsay rule that meet the more demanding requirements for criminal prosecutions should satisfy the lesser

3

standard of due process." *Hall*, 419 F.3d at 987. Under these circumstances, Orozco had a weak interest in confrontation.

That weak interest, moreover, was outweighed by the Government's good cause. In this case, unlike in *Comito* and *Hall*, the victim was available to both parties and the defendant expressly chose not to call her. L.C.'s hearsay statements also had strong "indicia of reliability." *Id.* at 988. As explained above, they qualified as excited utterances. In addition, they were corroborated by photographs taken of L.C. at the scene, which showed injuries consistent with L.C.'s account of the attack. Accordingly, the district court did not violate Orozco's right to due process by considering L.C.'s hearsay statements and revoking his probation.

**AFFIRMED.**